IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| K.K., by and through his parents and co-guardians C.K. and W.K., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | Civ. No. 11-00444 DAE-RLP |

ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION WITHOUT PREJUDICE

On August 3, 2011, the Court heard Plaintiff K.K., by and through his parents and co-guardians C.K. and W.K.'s (collectively, "Plaintiff") Motion for a Preliminary Injunction ("Motion"). Jason H. Kim, Esq., appeared at the hearing on behalf of Plaintiffs; Deputy Attorney General Carter K. Siu appeared at the hearing on behalf of Defendant Department of Education ("Defendant" or "DOE"). After reviewing the motion as well as the supporting and opposing memoranda, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for a Preliminary Injunction. (Doc. # 4.)

BACKGROUND

I. <u>K.K.</u>

Plaintiff K.K. is a twenty year-old student diagnosed with severe developmental delay, cerebral palsy, limited vision, seizure disorder, and other medical diagnoses. (Doc. # 1.) He is currently enrolled at Leilehua High School. ("JK Decl.," Doc. # 44-13, ¶ 3.) His most recent Individualized Education Program ("IEP") provides for ESY because, as determined by the IEP team, he will regress behaviorally and otherwise if he is not provided an education for more than ten consecutive days. (<u>Id.</u> ¶ 6.)

At an IEP meeting on February 25, 2011, K.K.'s parents requested that he be allowed to continue his education until he turns twenty-two. (<u>Id.</u> ¶ 4.) The request was rejected by the DOE "because under the law no student can stay in school beyond age 20." (<u>Id.</u>) K.K.'s education and related services were scheduled to end on July 14, 2011. (<u>Id.</u>) On May 31, 2011, K.K. filed a request for due process seeking an order that would continue his special education and related services to age twenty-two. (<u>Id.</u> ¶ 5.)

Not withstanding his request for a due process hearing, "Defendant has refused to allow K.K. to remain in his educational placement at Leilehua High School in violation of 20 U.S.C. § 1415(j) and terminated all special education and

related services it had been providing to him on July 14, 2011." (Compl. ¶ 11.) Plaintiff requests that this Court order Defendant "to immediately restore special education and related services to Plaintiff" per 20 U.S.C. § 1415(j). (Id. at 4.)

II.     R.P.-K. Proceedings

Plaintiff is a member of a class in a parallel proceeding, R.P.-K., et al. v. Department of Education, Civ. No. 10-00436 DAE/KSC. In R.P.-K., the class is challenging the validity of Act 163 of the Session Laws of Hawaii for 2010 ("Act 163"). Act 163 amended Haw. Rev. Stat § 302A-1134(c) to impose a twenty year age limit on all admissions to public high school. See Haw. Rev. Stat. § 302A-1134(c). Specifically, the statute states:

> No person who is twenty years of age or over on the first instructional day of the school year shall be eligible to attend a public school. If a person reaches twenty years of age after the first instructional day of the school year, the person shall be eligible to attend public school for the full school year.

Id. The plaintiffs in R.P.-K. argue that Act 163 impermissibly denies special needs students above the age of twenty an education.[1] Plaintiffs filed a motion for a preliminary injunction in R.P.-K., which this Court denied as premature on July 12,

---

[1] The Court assumes the parties' familiarity with the R.P.-K. litigation as all parties in the instant case are also parties in R.P.-K..

3

2011 ("July Order").  (See "July Order," Civ. No. 10-00436 DAE/KSC, Doc. # 53.)

Six days later, on July 18, 2011, Plaintiff filed his Complaint in the instant action.[2]  (Doc. # 1.)  With the Complaint, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction.  ("Mot.," Doc. # 4.)  The same day the Court converted the Motion for Temporary Restraining Order and Preliminary Injunction into the instant Motion for a Preliminary Injunction.  (See Doc. # 5.)  On July 25, 2011, Defendant filed its Opposition.  ("Opp'n," Doc. # 11).  On July 29, 2011, Plaintiff filed his Reply.  ("Reply," Doc. # 12.)  On August 5, 2011, the Court issued an Order directing the parties to file supplemental briefing.  (Doc. # 14.)  Specifically, the Court directed the parties to address "whether and to what extent the validity of Act 163 is at issue in the instant proceedings."  (Id. at 8.)  On August 8, 2011, Plaintiff filed his Supplemental Brief.  ("P's Supp. Br.," Doc # 17.)  The same day Defendant filed its Supplemental Brief.  ("D's Supp. Br.," Doc. # 16.)

---

[2] Plaintiff here was actually one of the class members that sought the injunction in R.P.-K..

## STANDARD OF REVIEW

"[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). To obtain a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 365 (citing Munaf v. Geren, 128 S. Ct. 2207, 2218–19 (2008); Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311–12 (1982)); see also Stormans, Inc. v. Selecky, 586 F.3d. 1109, 1126–27 (9th Cir. 2009) (applying heightened standard mandated by Winter). "'[S]erious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can [also] support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). A district court has great discretion in determining whether to grant or to deny a temporary restraining order or a preliminary injunction. See Wildwest Inst. v. Bull, 472 F.3d 587, 589–90 (9th Cir. 2006); see also Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983) ("At

5

one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.") (internal citations omitted).

## DISCUSSION

Plaintiff argues he is entitled to continued Individuals with Disability Education Act ("IDEA") benefits during the pendency of his due process appeal pursuant to 20 U.S.C. § 1415(j), commonly known as the "stay put" provision of the IDEA. "Stay put" provides:

> Except as provided in subsection (k)(4), during the pendency of any proceeding conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

Id. Because Plaintiff is challenging his IEP team's decision to terminate his services pursuant to Act 163 in a due process hearing, Plaintiff argues he should be entitled to continued placement at Leilehua High School during the pendency of the appeal. The Court concludes that at this time Plaintiff has not demonstrated a likelihood of success on the merits. See Winter, 129 S. Ct. at 365.

The IDEA requires each state to provide a free appropriate public education ("FAPE") to "all children with disabilities . . . between the ages of 3 and 21, inclusive . . . ." 20 U.S.C. § 1412(a). This Court determined that federal eligibility for special education and related services therefore ends on a student's twenty-second birthday. B.T. v. Dep't of Educ., 637 F. Supp. 2d 856, 863 n.9 (D. Haw. 2009). "Stay put" is plainly a part of the IDEA. See 20 U.S.C. § 1415(j). Accordingly, placement under a "stay put" order generally terminates with all other automatic IDEA benefits on a student's twenty-second birthday.

Although IDEA education benefits, including placement under "stay put," generally terminate at a child's twenty-second birthday, a state may impose different age restrictions provided those same limitations are applied to general education students as well. 20 U.S.C. § 1412(a)(1)(B) ("The obligation to make [FAPE] available to all children with disabilities does not apply with respect to children . . . aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice . . . ."); see also B.T. I, 637 F. Supp. 2d at 863 ("The State is only allowed to deviate from the requirements of the IDEA if there is a clear State law that says otherwise."). In passing Act 163, Defendant has attempted to change the upper age limit at which Defendant must provide educational services per the IDEA. Act

7

163, as discussed, provides that "[n]o person who is twenty years of age or over on the first instructional day of the school year shall be eligible to attend a public school."  See Haw. Rev. Stat. § 302A-1134(c).

Plaintiff's claim that he is entitled to IDEA services under "stay put" therefore rises and falls with the validity of Act 163.  If Act 163 is invalid, Plaintiff is entitled to "stay put" up until his twenty-second birthday.  If Act 163 is valid, Plaintiff is no longer entitled to any benefits under the IDEA—including placement at Leilehua High School per "stay put."  Accordingly, the dispositive question with respect to the instant Motion is whether Plaintiff is likely to succeed in demonstrating Act 163 is invalid.

In his Supplemental Briefing, Plaintiff argues that "the validity of Act 163 is not at issue in the instant proceedings because the sole relief Plaintiff[] [is] seeking is a 'stay put' order pursuant to 20 U.S.C. § 1415(j) while the validity of Act 163 is being litigated in Plaintiff['s] concurrent due process proceeding before the [DOE]."  (P's Supp. Br. at 2.)  Plaintiff urges the Court to "look at the likelihood of prevailing <u>on the stay put claim itself</u>—not the likelihood of prevailing on the issues in dispute in the underling due process proceeding or appeal form such proceeding."  (Id. at 2–3.)  The Court agrees that at issue is

Plaintiff's likelihood of prevailing on the "stay put" claim itself, but is not persuaded that Plaintiff has demonstrated a likelihood of success on the merits.

Plaintiff has not addressed the specific issue the Court outlined in its Order directing the parties to submit supplemental briefing. As it did supra, the Court outlined specifically how "stay put" is intertwined with the validity of Act 163. "Stay put" is a benefit under the IDEA, and a state may lower the maximum age limit that a disabled student is entitled to IDEA benefits, including "stay put," provided it is done uniformly with respect to both special and general education students. Thus, for Plaintiff to demonstrate he is entitled to "stay put," he must show that general education students continue to receive a secondary education beyond the age of twenty while the state uses Act 163 as a pretense to deny special education students that same opportunity. In other words, Plaintiff must show a likelihood of success on the merits in demonstrating Act 163 is invalid. Absent such a showing, Plaintiff is not entitled to "stay put."

The Ninth Circuit's decision in N.D. v. Haw. Dep't of Educ., 600 F.3d 1104 (9th Cir. 2010), supports this conclusion. There, the district court declined to issue an injunction enforcing "stay put" while the parties litigated the validity of

Hawaii's decision to implement "furlough Fridays" with respect to general and special education students in Hawaii. The Ninth Circuit affirmed, holding as follows:

> When Congress enacted the IDEA, Congress did not intend for the IDEA to apply to system wide administrative decisions. Hawaii's furloughs affect all public schools and all students, disabled and non-disabled alike. An across the board reduction of school days such as the one here does not conflict with Congress's intent of protecting disabled children from being singled out. In comparison to cases in which a child is singled out in relation to her peers, the furlough days do not remove the plaintiffs from the regular classroom setting anymore than they do the other children. Disabled children are not singled out for furlough days. To the extent possible under the new school calendar, the disabled children are still "mainstreamed" with regular children at school. To allow the stay-put provisions to apply in this instance would be essentially to give the parents of disabled children veto power over a state's decisions regarding the management of its schools. The IDEA did not intend to strip administrative powers away from local school boards and give them to parents of individual children, and we do not read it as doing so.

Id. at 1116–17. Accordingly, the district court did not err when it declined to issue a preliminary injunction. Id. Similar to the "furlough Fridays" at issue in N.D., Act 163 is plainly a system-wide administrative decision which, if implemented appropriately, does not remove Plaintiff from the regular classroom setting anymore than general education students. Moreover, an across the board age reduction as the one here does not conflict with Congress's intent of protecting

10

disabled children from being singled out as outlined in N.D.. Under these circumstances, and as in N.D., Plaintiff is not entitled to "stay put."

It may be, however, that Act 163 does impermissibly prevent special education children from receiving a FAPE because the DOE allows general education students to continue their studies through adult education programs beyond the age of twenty. In that scenario, Plaintiff would be entitled to "stay put" as well as all other IDEA benefits.³ As in R.P.-K., however, Plaintiff has not yet presented evidence which suggests that this conduct has taken place. As the Court explained in its July Order:

> While Plaintiffs have demonstrated that Act 163 is used to deny special education students a FAPE beyond the age of twenty, there is no evidence yet on the record to suggest that the DOE has adopted a practice whereby general education students of the same age are allowed to continue their secondary education in adult education programs with regularity. See B.T. I, 637 F. Supp. 2d at 865–66 (focusing on the "nature of the practice of Hawaii's schools towards students 20 years or older" and finding that "Defendant has approved every single overage general education student and barred almost every single overage special education student"). Without this evidence, the Court cannot conclude that Plaintiffs have satisfied their heavy burden with respect to their Motion for a Preliminary Injunction. Specifically, Plaintiffs have not demonstrated a likelihood of success on the merits.

---

³ This is the precise question the Court is called upon to address in the R.P.-K. litigation.

11

(July Order at 8–9.) Similarly here, there is no evidence yet on the record to suggest that the DOE has adopted a practice whereby general education students over the age of twenty are allowed to continue their secondary education in adult education programs with any sort of regularity. Without this evidence, the Court simply cannot find that Plaintiff is likely to succeed in demonstrating Act 163 is invalid. The Court cannot therefore yet conclude Plaintiff has demonstrated a likelihood of success on the merits with respect to the instant Motion.

In its July Order, the Court also stated that

> the parties represented to the Court that depositions will be conducted by the end of the month which should reveal the number of general education students enrolled in adult education between the ages of twenty and twenty-two. Once concluded, Plaintiffs are invited to refile the instant Motion if their theories of liability are supported by evidence. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for a Preliminary Injunction.

Similarly here, once there is evidence on the record which demonstrates Plaintiff is likely to succeed on the merits, Plaintiff is invited to refile the instant Motion.[4] Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for a Preliminary Injunction.

---

[4] The Court notes, however, that under these circumstances such a motion may very well be moot. If the Court grants injunctive relief in R.P.-K. and Plaintiff is a class member in that litigation, there would be no need to seek identical relief in these proceedings.

## CONCLUSION

For these reasons, the Court the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for a Preliminary Injunction. (Doc. # 4.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 16, 2011.

_____
David Alan Ezra
United States District Judge

K.K., et al.. v. Department of Education, Civ. No. 11-00444 DAE-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION WITHOUT PREJUDICE